IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2004

## STATE OF TENNESSEE v. JACKIE SAMUEL FINGER

**Appeal from the Circuit Court for Blount County**
**No. C-13527, 13803   D. Kelley Thomas, Jr., Judge**

_____

**No. E2003-02994-CCA-R3-CD - Filed January 31, 2005**

_____

The appellant, Jackie Samuel Finger, pled guilty to aggravated burglary and attempted rape.  The plea agreement specified that he would receive a four-year sentence on each charge as a Range I, Standard Offender and that the sentences would run concurrently, for an effective sentence of four years. The manner of service of the sentence was to be determined by the trial court.  After a hearing, the trial court denied alternative sentencing and ordered the appellant to serve the sentence in the Department of Correction in the Special Needs Facility.  On appeal, the appellant challenges his conviction for aggravated burglary as void due to a mistake on the judgment form and the trial court's denial of alternative sentencing.  Because the trial court corrected the judgment to reflect the proper conviction and properly denied alternative sentencing, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Steve McEwen, Mountain City, Tennessee, (on appeal); and Shawn G. Graham, Assistant District Public Defender, Maryville, Tennessee, (at trial), for the appellant, Jackie Samuel Finger.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; Mike Flynn, District Attorney General, and Robert Headrick, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On March 4, 2002, two separate informations were filed charging the appellant with aggravated burglary and attempted rape. The appellant waived prosecution by indictment and agreed to proceed on the informations.

The appellant subsequently pled guilty to both charges with an agreed sentence of four years as a Range I, Standard Offender on each conviction, to run concurrently, for a total effective sentence of four years. The manner of service of sentence was to be determined by the trial court.

According to the presentence report, on August 4, 2001, the appellant entered the victim's home without her permission. Once inside, the appellant began touching the victim's private parts. Despite her requests to stop, the appellant forced the victim onto the couch and, while holding her down, continued to touch her private parts. The appellant told the victim that he wanted to have sex with her. The two struggled for several minutes until the victim finally broke free. The appellant exposed himself to the victim and forced the victim against his penis. The victim continued to struggle with the appellant and told him "no." Eventually, the appellant fled the victim's residence.

At the sentencing hearing, the appellant testified that he was thirty-two years of age and lived with his mother and step-father. At the time, he was single and had no children. The appellant told the court that he did "odd jobs" like mowing yards and raking leaves. He stated that he received disability payments in excess of $500 per month because of mental disabilities. The appellant testified that he had a twelfth grade education, but could not read very well.

The appellant testified that he went to the victim's house to obtain payment for mowing her yard. The appellant claimed that the victim invited him inside her home and wrote him a check for $15 for his services. The appellant stated that he and the victim continued talking for about fifteen to twenty minutes and eventually sat down on the couch together. He described the victim's actions as "friendly." He admitted that he "kind of touched her breast" and that he should not have engaged in this type of behavior. The appellant stated that he would not engage in this type of behavior again.

The appellant admitted that he had previous charges for resisting arrest and assault, but that he was acquitted of the resisting arrest charge. The appellant also stated that while he had never been placed on probation, he had been required by the court to attend an anger management class.

A psychosexual evaluation completed prior to sentencing revealed that the appellant is mentally challenged. The report detailed the appellant's social history and living arrangements as

well as his mental health. The following summary and recommendation appeared in the evaluation which was introduced as an exhibit at the sentencing:

> [The appellant] is guilty of using force and coercion in his Attempted Rape of his adult female victim. He used force and coercion in the commission of his crime and has no remorse or sense of guilt. He is unable to care for himself and is POORLY supervised by his guardian mother who has apparently made NO effort to make him follow the rules of probation. He has a previous history of assault.

> Because . . . [the appellant] has poor impulse control, a history of violence, lacks a Guardian who will closely supervise him, and because violence was used in the commission of his crime, he is a poor candidate for probation and could be a significant danger to the community. Confinement in an institution that could provide education geared toward his intellectual capacity and assist him in learning appropriate sexual boundaries, impulse control, and overall socially appropriate behavior is recommended. Incarceration in the Correctional System is another alternative.

> [The appellant's] victim was seriously traumatized by his actions and had to seek psychiatric treatment as a result of his Attempted Rape. [The appellant] should be ordered to compensate his victim as well as being required to pay into the State of Tennessee Sex Offender Victim's Fund.

> [The appellant] is a serious danger to the community and is at risk of sexually reoffending, creating victims and causing injury to others.

At the conclusion of the sentencing hearing, the appellant asked the trial court for probation, claiming that if he were granted probation he would comply with the rules of the court. However, the appellant agreed with the portion of the psychosexual assessment that stated he would have a hard time controlling himself if placed in the community. Additionally, the appellant could not unequivocally guarantee that he would attend counseling if it were required as a term of his probation.

The trial court determined that the presumption of alternative sentencing was overcome and that the appellant should serve his sentence in the Tennessee Department of Correction. The trial court also ordered that the appellant be housed in the Special Needs Facility.

The appellant filed a timely notice of appeal challenging his conviction for aggravated burglary as void and the trial court's decision to deny alternative sentencing.

Aggravated Burglary Conviction

The appellant first contends on appeal that his judgment in case no. C-13527 is void because the information in the case charged him with aggravated burglary and the judgment form reflects a guilty plea for attempted rape. The State concedes that the information charges the appellant with aggravated burglary and that the original judgment entered reflects that the appellant pled guilty to attempted rape. However, the State argues that the appellant's argument has no merit because the trial court filed an amended judgment properly reflecting that the appellant pled guilty to aggravated burglary in case no. C-13527. We agree. Tennessee Rule of Criminal Procedure 36 allows a trial court to correct a mistake in the judgment at any time. The trial court herein filed an amended judgment correcting its mistake. Accordingly, the appellant's judgment is not void and this issue is without merit.

Denial of Alternative Sentencing

The appellant also complains on appeal that the trial court erred by denying him probation or another form of alternative sentencing. Specifically, the appellant argues that "the record does not support the trial court's conclusion that the presumption in favor of alternative sentencing had been rebutted." The State counters that the trial court properly determined that the appellant was not a good candidate for any type of alternative sentencing.

"When reviewing sentencing issues . . ., the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

In regards to alternative sentencing Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

-4-

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less is an offender for whom incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). The appellant pled guilty to aggravated burglary and attempted rape, both Class C felonies. As a Range I, Standard Offender convicted of and sentenced to less than eight (8) years for each of these offenses, the appellant was eligible for probation. See Tenn. Code Ann. §§ 40-35-102(6) & -303(a); Byrd, 861 S.W.2d at 379-80. However, all offenders who meet the criteria are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); see also State v. Bunch, 646 S.W.2d 158, 160-61 (Tenn. 1983); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); State v. Williamson, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); Dowdy, 894 S.W.2d at 305-06.

In the case herein, the trial court learned through the appellant's testimony at the sentencing hearing and the pre-sentence report that the appellant was disabled, collected social security and worked odd jobs such as mowing yards and raking leaves. The trial court also learned that the appellant acquired an additional assault conviction since his arrest in the present case and that he was poorly supervised by his family members. The trial court also learned that the incident had a

profound effect on the victim, requiring therapy to deal with the emotional problems she experienced as a result of the incident.

The trial court recognized that the appellant was presumptively eligible for probation or some other form of alternative sentencing. However, the trial court denied alternative sentencing and commented:

> In arriving at . . . the manner of service, I have considered the testimony that . . . [the appellant] gave here on the witness stand, I have read several times the psycho-sexual evaluation that is an exhibit, and also the presentence report that has the victim impact statement attached to it. I've considered the Sentencing Act. As I said earlier, this is a C-felony, range one, so . . . [the appellant] is presumed appropriate for alternative sentencing. I have considered probation, split confinement, and also Community Corrections.

> I think that the presumption in favor of alternative sentencing has been rebutted. I think this calls for a sentence of confinement as a range-one offender in the Department. I think . . . [the appellant] should be treated in the Special Needs Unit. There is no evidence of any appropriate and safe treatment that's available in the community, and I don't know of any.

> I think any sentence that would involve release, whether straight probation or split confinement, is not in the interest of the community or the Defendant or justice. And the reason I say that is because, under the proof, . . . [the appellant] has difficulty understanding other people; he has a poor ability to follow instructions; was told not to be around children [by the psycho-sexual evaluator] and was seen just a few days later around young children down on the Greenbelt; his supervision is minimal; he has got a simple assault, misdemeanor assault conviction since this even has happened.

> So all of that, I think, points to a slim chance at rehabilitation, absent some sort of intervention. And I think the only way that that can be safely performed for . . . [the appellant's ] own safety, to keep him from committing more offenses, and for the public's safety, is for him to be housed at the Special Needs Unit and treated, and then, when appropriate, paroled. And hopefully he'll be in the position to be able to follow the rules of release and be safe for himself and everybody else.

As stated previously, we review sentencing issues with the presumption that the determinations made by the trial court are correct so long as the trial court followed sentencing procedures. Tenn. Code Ann. § 40-35-401(d). The record herein fully supports that the trial court analyzed the relevant factors for denying the appellant's request for probation. Therefore, there is a presumption that the trial court's judgment is correct. It is clear in this case that the trial court believed that the appellant was not a good candidate for probation primarily based on his psycho-

sexual evaluation, his own testimony and lack of ability to follow rules. The trial court felt that the appellant's needs would be best served in incarceration. Further, the trial court commented that the best interests of the community would be served by the appellant serving his sentence in incarceration. We agree with the trial court's assessments. The evidence does not preponderate against the trial court's sentencing determination. Accordingly, the judgment of the trial court is affirmed.

<u>Conclusion</u>

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE